BURKE, Judge,
concurring specially.
I write specially in this case because of the inherent constitutional problems that result from recalling a juror after he or she has been discharged and the principal jurors have retired to deliberate. Rule 18.4(g)(1), Ala.R.Crim.P., provides in part that “[a]n alternate juror who does not replace a principal juror shall be discharged at the time the jury retires to consider its verdict.” The rule does not say that an alternate juror shall be discharged subject to recall. Thus, the plain language of Rule 18.4(g) prohibits a mid-deliberation substitution. As Judge Joiner noted in his special writing in Peak v. State, 106 So.3d 906 (Ala.Crim.App.2012) (Joiner, J., concurring specially), the Federal Rules of Criminal Procedure contain a provision whereby a judge may retain alternate jurors after the principal jurors have retired to deliberate. See Rule 24(c)(3), Fed.R.Crim.P. The Alabama Rule regarding alternate jurors contains no such provision. Therefore, I believe that Rule 18.4(g), as it is currently written, expresses Alabama’s policy that a discharged juror should not be recalled after the principal jurors have retired to deliberate.
Two grave problems with the potential to undermine the constitutional guarantee to a fair trial arise when an alternate juror is allowed to replace a principal juror after a jury’s deliberations have begun. First, there is the concern that an alternate juror could, after being discharged and before being recalled, become tainted by unguarded contact with the public. When jurors are sent home overnight during longer trials or during deliberations, the court admonishes them not to discuss the case with anyone and to avoid reading or watching any news reports relating to the case. This type of admonition, I believe, heightens a juror’s awareness of potential outside influences and puts the jurors on guard for improper influences. Without such an admonition, that heightened awareness vanishes, and it becomes easier for a juror to become tainted by improper influences.
In Peak, the trial court had discharged the alternate juror but nevertheless instructed her not to discuss the case with anyone until the middle of the next morning. Although there is no reason in this case to doubt juror M.N.’s assertion that she did not discuss the case with anyone during the short time she was discharged, I feel that allowing such substitutions without giving the discharged juror the usual admonitions could compromise the integrity of the jury-deliberation process. Allowing a mid-deliberation juror substitution erodes the purpose behind Rule 18.4(g). My concurrence in Peak was based in part on the fact that the trial court admonished the alternate juror not to discuss the case with anyone until the following afternoon. In the present case, the court did not so admonish juror M.N. before she was discharged but relied on her assertion when she was recalled that she did not discuss the case with anyone during the time she was discharged. Therefore, the holding in this case goes a step beyond the holding in Peak.
The second concern is based on the unique dynamic of the jury-deliberation process. In moving for a mistrial in the present case, Holmes’s attorney argued:
“And as a practical matter, I don’t know how two hours of deliberation that you unring the bell with these folks, you know, that they clearly had formed some opinions by that time, and then you have this new juror coming in, and I’m not sure how fair it is to that person, you know, to put her in a position where she is undoubtedly going to know that they had a juror who was refusing to participate and, as a practical matter, how they start from No. 1, you know, from the start again. I don’t know that that’s *980 entirely possible, and it certainly is prejudicial to Holmes and the rest of the defendants....”
(R. 639.) Although it is a well-settled principle that jurors are presumed to follow the trial court’s instructions, beginning deliberations anew spurs problems that are not always solvable by judicial instructions. Everything a jury does in deliberations, from recounting the evidence to applying it to the given law, is done as a group. To replace a member of that group after deliberations have begun necessarily changes that entire dynamic. It is impossible for jurors to completely erase from their minds a decision-making process that has already occurred and to begin anew as if they had never discussed the matter. Further the new juror may feel the pressure of believing that the other jurors have already formed their decision in opposition to the removed juror.
However, as the majority points out, the appellants’ argument is not preserved for review under Lloyd Noland Hospital v. Durham, 906 So.2d 157 (Ala.2005). Therefore, I concur specially.